# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER R. HESS,** | : | **CIVIL ACTION NO. 1:03-CV-1668** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **MAJOR FRANK TENNIS, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Presently before the court is a motion, filed by counsel for petitioner, asking the court to consider and rule upon a separate motion, submitted by petitioner *pro se*, to amend the petition for writ of habeas corpus. Counsel argues that, because the latter motion "reverts back to the time period before counsel was appointed, . . . it is believed that the request of petitioner should be ruled upon by the court . . . without input from the undersigned counsel." (Doc. 54 ¶ 20). The court disagrees.

Beyond the obvious benefits to the client, appointment of counsel serves the interests of the court. An attorney is professionally obligated to conduct an investigation of the factual and legal contentions underlying the client's position

and to present that position in a reasonable and articulate manner.  The court may justifiably rely on these representations in rendering a decision in the case.[1]

These benefits are no less salient when counsel addresses issues previously raised by the client.  Indeed, construction and amendment of prior *pro se* filings is one of the most valuable services offered by an appointed attorney.  A lay person is not under the same professional obligations as an attorney, either with respect to competence or candor, and the interpretation of *pro se* submissions often represents a difficult and time-consuming task for the court.[2]  An attorney may significantly alleviate this burden and ensure that the client's best arguments receive full consideration.

To permit a represented party to submit *pro se* motions would negate the benefits that appointment of counsel is intended to bring, and would potentially

---

[1] See, e.g., FED. R. CIV. P. 11; Martinez v. Court of Appeal, 528 U.S. 152, 163 (2000).  See generally Joseph A. Colquitt, Hybrid Representation:  Standing the Two-Sided Coin on Its Edge, 38 WAKE FOREST L. REV. 55 (2003); John F. Decker, The Sixth Amendment Right To Shoot Oneself in the Foot:  An Assessment of the Guarantee of Self-Representation Twenty Years After Faretta, 6 SETON HALL CONST. L.J. 483 (1996).

[2] See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

harm the party's position by introduction of extraneous and inconsistent issues.[3] The court will not countenance this result.  The motion filed by counsel will be denied and the motion filed by petitioner will be stricken.  Counsel should consult with his client regarding the request to amend the petition and, if appropriate, should file a formal motion for relief.[4]

　　　An appropriate order will issue.

　　　　　　　　　　　　　　　　　　　　　S/ Christopher C. Conner
　　　　　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　　May 9, 2005

---

[3] See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984); see also Martinez, 528 U.S. at 163; McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Singleton, 107 F.3d 1091, 1100 & n.7 (4th Cir. 1997); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988).

[4] Cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995) (noting that defense counsel has no obligation to file all motions submitted by defendant).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER R. HESS,** | : | **CIVIL ACTION NO. 1:03-CV-1668** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **MAJOR FRANK TENNIS, et al.,** | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 9th day of May, 2005, upon consideration of the motion "for ruling on petitioner's *nunc pro tunc* request to amend habeas corpus petition" (Doc. 54) and of the *pro se* "petition *nunc pro tunc* to amend statement of error" (Doc. 55), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion "for ruling on petitioner's *nunc pro tunc* request to amend habeas corpus petition" (Doc. 54) is DENIED.

2. The "petition *nunc pro tunc* to amend statement of error" (Doc. 55) is STRICKEN from the record in the above-captioned case without prejudice.

3. Counsel for petitioner shall consult with petitioner regarding the "petition *nunc pro tunc* to amend statement of error" (Doc. 55) and shall file, on or before May 23, 2005, a notice that petitioner will or will not file a motion to amend the petition for writ of habeas corpus.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge