IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER R. HESS,** | **CIVIL ACTION NO. 1:03-CV-1668** |
| Petitioner | (Judge Conner) |
| v. | |
| **MAJOR FRANK TENNIS**, et al., | |
| Respondents | |

## ORDER

AND NOW, this 7th day of December, 2005, upon consideration of the motion for interim payment (Doc. 69), filed by court-appointed counsel for petitioner, Attorney Gerald A. Lord, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, requesting one interim payment for counsel's representation between January 29, 2004 and November 14, 2005, and it appearing that counsel has suffered financial hardship due to the lengthy, ongoing representation, it is hereby ORDERED that the motion for one interim payment (Doc. 69) is GRANTED as follows:

1. The total compensation shall not exceed the maximum fee permitted for a felony charge plus reimbursable expenses.

2. Attorney Gerald A. Lord shall submit to the court an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel."

    a. The voucher shall reflect all compensation and reimbursable expenses between January 29, 2004 and November 14, 2005. Counsel shall complete Item 19 of the form with these dates.

    b.    The voucher shall be supported by detailed and itemized time and expense statements.  Chapter II, Part C of the <u>Guidelines for the Administration of the Criminal Justice Act</u> sets forth the procedures and rules for claims by CJA attorneys and should be followed.

    c.    Upon submission, the voucher shall be assigned a number by the Clerk of Court.

3.    The court will review the voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours.  This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate.  The court will also authorize for payment all reimbursable expenses reasonably incurred.

4.    At the conclusion of the representation, counsel shall submit a final voucher seeking payment of the one-third balance withheld from the interim voucher, as well as payment for representation provided after November 14, 2005.  The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation.  Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the amount remaining to be paid at the conclusion of the case.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge