IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER R. HESS,** | : | CIVIL ACTION NO. 1:03-CV-1668 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **MAJOR FRANK TENNIS, et al.,** | : | |
| Respondents | : | |

# ORDER

AND NOW, this 4th day of April, 2007, upon consideration of the report and recommendation of the magistrate judge (Docs. 87, 103), recommending that the petition for writ of habeas corpus (Doc. 1) be denied,[1] to which objections were filed (Docs. 90, 104), and, following an independent review of the record, it appearing that both of petitioner's properly-exhausted claims fail on the merits,[2] and the court finding that petitioner's remaining claims are procedurally defaulted because all

---

[1] This is the third report of the magistrate judge recommending that the amended petition be denied. (See Doc. 40 and 87.) The first report was rejected by order of court dated July 21, 2005 (Doc. 67) to allow the magistrate judge to consider the first amended petition (see Doc. 65), and the second report was rejected by order of court dated November 21, 2006 (Doc. 96) to permit the magistrate judge to consider the second amended petition (see Doc. 92, Ex. 1).

[2] Petitioner exhausted his state remedies for his claims that trial counsel was ineffective for failing to: (1) file a motion to suppress evidence seized as a result of an alleged unlawful search, and (2) pursue the issue of penetration with respect to the charge of rape. (See Doc 87 at 6 n.8.) Petitioner's first exhausted claim fails because petitioner has not established that the outcome of his trial was affected by the introduction of the seized evidence. See Strickland v. Washington, 466 U.S. 668, 690-91 (1984) (requiring a showing that trial counsel's deficient performance prejudiced the defendant for a valid claim of ineffective assistance of counsel). Petitioner's second exhausted claim fails because trial counsel's decision not to pursue the issue of penetration was both approved by petitioner and a matter of trial strategy. (Doc. 87 at 24); Strickland, 466 U.S. at 690-91 (opining that strategic decisions made after a thorough investigation of the law and facts are "virtually unchallengeable" via the doctrine of ineffective assistance).

further relief in state court is time-barred, see Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."), and that petitioner has neither established "cause and prejudice" nor a "fundamental miscarriage of justice" sufficient to permit the court to reach the merits of his defaulted claims,[3] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Docs. 87, 103) is ADOPTED.[4]

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

4. The Clerk of Court shall CLOSE this file.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] To establish "cause and prejudice," a petitioner must demonstrate that there was some objective factor external to the defense that prohibited compliance with state procedural requirements.  See Cristin v. Brennan, 281 F.3d 404, 420 (3d. Cir. 2002) (citing examples of actions that constitute "cause," which negate a procedural default).  To establish a "fundamental miscarriage of justice," a petitioner must allege factual innocence and not mere legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998).  In the instant case, petitioner can point to no objective, external factor that would justify his untimely filings in state court. (See Doc. 87 at 11-12.)  Likewise, petitioner has raised a number of arguments to suggest that his conviction was legally insufficient, but has presented no evidence of his factual innocence.  (See Doc. 87 at 12-15.)

[4] The court takes no position on the magistrate judge's findings with respect to the merits of the defaulted claims.  (See Doc. 87 at 27-35.)